UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MESUD CEVRA,

                Plaintiff,                              Hon. Janet T. Neff

v.                                              Case No. 1:16 CV 1028

MID-WEST EXPRESS, INC., et al.,

                Defendants.

_____/

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Default Judgment. (ECF No. 17). Plaintiff asserts this action against Mid-West Express, Inc., Redline Trucking, Inc., Reuf Keco, and Elevedina Hotilovac alleging various state and federal law causes of action. (ECF No. 4). Default has already been entered against Defendants and Plaintiff now moves for the entry of default judgment. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **granted in part and denied in part**.

## **ANALYSIS**

Plaintiff alleges the following state law causes of action: (1) breach of contract; (2) statutory conversion; (3) common law conversion; (4) fraud; (5) false imprisonment; (6) malicious prosecution; and (7) assault and battery. Plaintiff also alleges a federal law claim for unlawful peonage. Plaintiff initiated this action on August 17, 2016. and amended his complaint on October 28, 2016. Summonses were issued on October 31, 2016, and service was effected on November 8, 2016. Default

was entered against Defendants on December 1, 2016.  On February 17, 2017, Plaintiff filed the present

motion seeking entry of judgment and monetary damages of more than one million dollars.

Entry of default judgment is governed by Federal Rule of Civil Procedure 55(b) which

provides:

> (b) Entering a Default Judgment.
>
>> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>>
>> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>>
>>> (A) conduct an accounting;
>>>
>>> (B) determine the amount of damages;
>>>
>>> (C) establish the truth of any allegation by evidence; or
>>>
>>> (D) investigate any other matter.

While Plaintiff's damages for breach of contract have been reduced to a sum certain, the

damages Plaintiff seeks for his remaining claims have not.  Thus, the Court finds that this matter is

governed by Rule 55(b)(2).  Rule 55 does not, however, articulate a standard by which motions for

default judgment are to be evaluated.  Rather, the Court is required to exercise "sound judicial

discretion" in determining whether judgment should be entered.  *See*, *e.g.*, *Commodity Futures Trading*

*Commission v. Aurifex Commodities Research Co.*, 2008 WL 474227 at *1 (W.D. Mich., Feb. 15, 2008) (citing Wright, Miller & Kane Federal Practice and Procedure: Civil 3d § 2685).  Moreover, this "element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right."  *Hitachi Medical Systems America, Inc. v. Lubbock Open MRI, Inc.*, 2010 WL 1655536 at *1 (N.D. Ohio, Apr. 22, 2010) (quoting Wright, Miller & Kane Federal Practice and Procedure: Civil 3d § 2685).

Some of the factors relevant to determining whether default judgment is appropriate include: (1) whether the plaintiff has been prejudiced; (2) the merit's of the plaintiff's claim; (3) the amount sought in damages; (4) whether there exists the possibility of a dispute concerning material facts; and (5) whether the default was due to excusable neglect.  *See*, *e.g.*, *Canal v. Dann*, 2010 WL 3491136 at *3 (N.D. Cal., Sept. 2, 2010).  The Court must also recognize that "[t]rials on the merits are favored in the federal courts" and "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases."  *Rhinehart v. Scutt*, 2010 WL 3701788 at *8 (E.D. Mich., Aug. 16, 2010).

When assessing a motion for default judgment, the Court must accept as true all facts alleged by Plaintiff in his complaint as well as all reasonable inferences therefrom.  *See, e.g., United States Securities and Exchange Commission v. Kilpatrick*, 2014 WL 3767801 at *2 (E.D. Mich., July 31, 2014).  In light of the relevant facts and circumstances, the Court finds that default judgment is appropriate in this matter.  Defendants have been given every opportunity to defend the claims against them, but have declined to participate in this matter.  Moreover, the facts alleged by Plaintiff, and the reasonable inferences therefrom, are sufficient to merit judgment as to Plaintiff's various causes of action.  Thus, the question becomes determining the relief to which Plaintiff is entitled.

In this respect, it must be remembered that Plaintiff is obliged to establish his damages "with reasonable certainty."  *See*, *e.g.*, *City of Dayton v. Contractors Bonding and Ins. Co.*, 2014 WL 5018905 at *1 (S.D. Ohio, Oct. 7, 2014); *Fifth Third Bank v. Canfield*, 2014 WL 3853464 at *2 (W.D. Ky., Aug. 5, 2014).  In his motion for default judgment, Plaintiff requests damages in the following amounts: (1) actual damages of $105,551.98; (2) treble damages of $316,655.94; (3) compensatory and exemplary damages of $500,000.00; (4) attorney fees of $307,371.89; and (5) costs of $400.00.  (ECF No. 17 at PageID.88).

### A.    Actual Damages and Treble Damages

Plaintiff claims actual out-of-pocket monetary losses, related to his breach of contract claim, of $105,551.98, an amount which Plaintiff has established with reasonable certainty.  Michigan law further provides that a plaintiff "may recover 3 times the amount of actual damages sustained" where the loss resulted from "another person's stealing or embezzling property or converting property to the other person's own use."  Mich. Comp. Laws § 600.2919a.  The purpose of this provision is to "punish dishonest defendants" and whether to award such is within the Court's discretion.  *See Hoffenblum v. Hoffenblum*, 863 N.W.2d 352, 360 (Mich. Ct. App. 2014).  Plaintiff has established that the aforementioned losses were sustained as a result of Defendants' theft, embezzlement, and/or conversion of the amounts in question.  Moreover, the Court finds that an award of treble damages is appropriate in light of Plaintiff's allegations.  Accordingly, the undersigned recommends that Plaintiff is entitled to an award of $316,655.94.[1]

---

[1]  To the extent that Plaintiff is seeking an award of both his actual losses of $105,551.98 and an additional award of treble damages of $316,655.94, the Court rejects such as contrary to Michigan law.  *See New Properties, Inc. v. George D. Newpower, Jr., Inc.*, 762 N.W.2d 178, 190 (Mich. Ct. App. 2009) (rejecting argument that § 2919a permits a plaintiff to recover four times his actual damages by recovering both his actual damages and treble damages).

B.     Compensatory and Exemplary Damages

Plaintiff requests an award of $500,000.00 in compensatory and exemplary/punitive damages for the harms he suffered as a result of his various other claims.  Plaintiff's allegations support a substantial award of compensatory damages.  *See, e.g., Moore v. Detroit Entertainment, L.L.C.*, 755 N.W.2d 686, 708 (Mich. Ct. App. 2008) ($125,000 in damages for false imprisonment supported by evidence that plaintiff suffered "extreme upset and embarrassment"); *Taylor v. Bomar-Parker*, 2003 WL 21978753 at *4 (Mich. Ct. App., Aug. 19, 2003) (court upheld award of $90,000 in damages for assault and battery); *Alabado v. French Concepts, Inc.*, 2016 WL 5929247 at *4 (C.D. Calif., May 2, 2016). Plaintiff's allegations likewise demonstrate that a substantial award of exemplary/punitive damages is warranted.  *See, e.g., State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003); *Mengelkamp v. Lake Metropolitan Housing Authority*, 549 Fed. Appx. 323, 334 (6th Cir., Nov. 4, 2013); *Kasham v. Kasham*, 2017 WL 1367180 at *4-5 (Mich. Ct. App., Apr. 13, 2017).  Accordingly, the undersigned recommends that Plaintiff be awarded $500,000 in compensatory and exemplary/punitive damages.

C.     Attorneys Fees

Plaintiff requests $307,371.89 in attorneys fees, but has declined the Court's request to substantiate the amount requested.  The undersigned recommends, therefore, that Plaintiff has waived this particular request.

D.    Costs

Finally, Plaintiff seeks $400.00 in costs which is appropriate.  *See* Fed. R. Civ. P. 54(d)(1).  Accordingly, the undersigned recommends that Plaintiff be awarded $400.00 in costs.


## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Default Judgment, (ECF No. 17), be **granted in part and denied in part**.  Specifically, the undersigned recommends that default judgment be entered against Defendants on all Plaintiff's claims. The undersigned further recommends that Plaintiff be awarded eight hundred seventeen thousand, fifty-five dollars and ninety-four cents ($817,055.94) in damages.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  June 12, 2017                                   /s/ Ellen S. Carmody
                                                       ELLEN S. CARMODY
                                                       United States Magistrate Judge